The opinion of the Court was delivered by
Nevitts, J.
I find among the papers no reasons assigned in writing for the reversal of the judgment of the court of common pleas; they may, however, have been filed with the clerk and been mislaid. The objections to the judgment, as gathered from the argument of counsels, are these.
First, That the deposition of one Charles McMiller, which was read on the trial below, was informally taken. That it was taken before the justice who tried the cause, whereas it ought to have been taken before some other justice.
*306 Secondly, That it does not appear upon the face of the deposition that the witness was cautioned to testify the whole truth,
Thirdly, That the affidavit, upon which the deposition was taken, was insufficient to warrant it, as it only states that the witness was about going out of the state.
Fourthly, That it did not appear at the trial, that the witness was out of the state.
Lastly, That the testimony itself does not establish either an express or implied promise by the defendant to pay.
I find nothing in the statute, which provides for the examination of a witness about to go out of the state, El. Dig. 285, requiring such deposition to be taken before a justice, who does not try the cause. The language of the statute is, that such deposition may “be taken before a justice of the peace;” meaning any justice. If taken before any other justice than the one before whom the cause is pending, it shall be delivered to the latter, or sealed up and transmitted to him, to be opened in court and there to remain of record. If taken before the justice before whom the cause is pending, no delivery or transmission is necessary, but it becomes at once a record in the cause and remains with the justice before whom it is taken. There is no ground therefore for the first objection.
The answer to the second objection is, that the cautioning the witness to testify the whole truth is merely directory to the justice and need not appear on the face of the deposition. Ludlam v. Broderick, 3 Green 272.
The affidavit filed with the justice, and upon which the application to take the testimony of the witness de bene esse was made, is not only in conformity with the letter but with the spirit of the statute, which makes provision for such deposition. And the court will presume that the witness was out of the state when the cause was tried, unless the contrary appeared at the trial. If the witness was actually within reach of the process of the court the defendant might have proved it; if he alleged it, the burden of proof was upon him. This disposes of all the objections but the last. And as to the last objection, to wit, that the testimony of McMiller does not prove a promise express or implied by the defendant to pay this bill, it might be a sufficient answer to say, *307 that there were three other witnesses examined for the plaintiff below, and their testimony may have established such a promise. This inference is warranted by a paper'sent up, purporting to be a certificate or state of the case signed by the judges of the court of common pleas, which, among other things, contains the following, to wit, “It further appeared by the evidence of John Owen that he was a workman for Burley and that William Russel was his foreman. It appeared that the persons, named in the state of demand, had boarded with the plaintiff below, for the time mentioned in the state of demand, on account of the defendant below, who was to pay their board.”
But apart from this, I apprehend the evidence of MeMiller establishes the defendant’s legal liability. He says that the defendant below was engaged in the manufacture of shovels and hammers, and at different times had a number of hands in his employ. That Russel was his foreman, and had control of his business in his absence; that he gave an order on defendant for lumber bought by himself for the establishment. That the defendant was absent from home for six weeks from the 14th of May, during which time Russel had charge of his business, and gave witness his orders, who was also in defendant’s employ. That on the day the defendant left home, Howard and the other two men came to work for him, and Russel took them to the plaintiff’s to board, and set them to work. That witness and Russell and others in defendant’s employ boarded with the plaintiff; and defendant was responsible for their board and paid it, deducting it from their wages. That Russell sold articles in the defendant’s absence, had charge of the hands and directed their work, and had control of the shop. Laying out of view all the evidence of this witness, touching the declarations of Russell as to his authority to employ these men, it abundantly appears from what I have cited, that Russell was left in charge of the defendant’s business during his absence, as his general agent, and of course with an implied authority to conduct it in the same way as when defendant was at home. Under such authority he had a right to employ laborers to conduct the business of the shop, and to provide board for them, in the same way that the defendant himself had been in the habit of doing when at home. The *308 plaintiff had a right to consider him as the agent of the defendant, to deal with him in that capacity and extend to him credit in that capacity, and if the defendant can escape from this liability a wrong will be perpetrated upon the plaintiff without any fault of her own. She trusted Russell on the defendant’s account and she had a lawful right to do so.
I see nothing in the objections to warrant the disturbance of this judgment. Let it therefore be affirmed with costs.

Judgment affirmed.

Cited in N. J. Ex. Co. v. Nichols, 4 Vr. 436.